IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:09-CR-27 |
| | § | |
| HENRY LEE ARMSTRONG | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 5, 2013, alleging that the Defendant, Henry Lee Armstrong, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on November 9, 2009, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C Felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months. The Defendant was sentenced to 52 months' imprisonment, followed by three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include: substance abuse testing and treatment, mental health treatment, sex offender registration, and no contact with minors age 18 years

old or less unless supervised by two adults authorized by the probation officer; and a $100 special assessment.

## II. The Period of Supervision

On February 1, 2013, Armstrong completed his original period of imprisonment and began service of the three (3) year term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision alleging that he violated the following conditions of his supervised release: 1 and 2) the Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; 3) the Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons; 4) the Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the Defendant is released from the program by the probation officer; 5) under the guidance and direction of the United States Probation Office, the Defendant shall participate in a sex offender program which may include the application of physiological testing instruments, and shall pay any costs associated therewith; 6) the Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

## IV. Proceedings

On November 12, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation, which asserted that he violated a standard condition of supervised release. The Petition alleges that "Mr. Armstrong failed to submit a monthly report for the months of April and May 2013 within the first five (5) days of the month. At the time of this writing, Mr. Armstrong has not submitted said monthly reports ."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of ten (10) months' imprisonment, and an eighteen (18) month term of supervised release.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(b), if the Court finds by a preponderance fo the evidence that Armstrong violated conditions of supervision by failing to submit a truthful and complete written monthly report for the months of April and May 2013, he would be guilty of committing a Grade C

violation.  U.S.S.G. § 7B1.1(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant agreed to plead "true" to the first allegation, which asserted that he violated a standard condition of supervised release.  Based upon the Defendant's plea of "true" to this

allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is V. Policy guidelines suggest 7 to 13 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of ten (10) months' imprisonment.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The undersigned recommends an eighteen (18) month term of supervised release to be imposed.

### VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to submit a monthly report for the months of April and May, 2013, within the first five (5) days of the month.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of ten (10) months, and upon release, an (18) eighteen month term of supervised release.

4. The court should recommend that the Defendant be incarcerated in the Federal Detention Center in Virginia where he was previously detained, if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 15th day of November, 2013.

_____
Zack Hawthorn
United States Magistrate Judge